# Ernest De St. Aubin, Appellant, v. William G. King, Individually and as Trustee, et al., Morris Kurtzon, Appellee.

## Gen. No. 23,242.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 30, 1918.

## Statement of the Case.

Bill by Ernest De St. Aubin, complainant, against William G. King, individually and as trustee, Morris Kurtzon and Chicago Title & Trust Company, trustee, defendants, to enjoin a sale on foreclosure. A preliminary injunction procured by complainant was dissolved on motion of defendants, and, on suggestions of damages filed by defendant Kurtzon, a decree was entered in the latter's favor awarding him $471.90 damages against complainant, from which decree complainant appeals.

TELLER, HART & PENNISH, for appellant; MYER N. ROSENGARD, of counsel.

EDMUND W. FROEHLICH, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 304*—*when interest allowed defendant for period which foreclosure sale delayed.* Where damages are awarded defendant on the dissolution of a temporary injunction against a foreclosure sale, it is proper to allow interest to defendant, for the period the sale was delayed by the injunction, on money borrowed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by him to use in buying an interest in the decree, even though the decree carried interest.

2. INJUNCTION, § 296*—*what damages awarded on dissolution of against foreclosure sale.* Where the sale of property on foreclosure is enjoined, damages on the dissolution of the injunction should be computed according to the injury actually sustained, and consideration may be given to the proper amount which might have been realized if the sale had not been enjoined, the value of money at the time and such other circumstances as tend to show the actual injury sustained.

3. INJUNCTION, § 381*—*what need not be shown by record on appeal from decree awarding damages on dissolution of.* On appeal from a decree awarding damages on the dissolution of an injunction, it is not necessary that it appear from the record that the defendant paid or became liable to pay the amount allowed as solicitor's fees or that the amount allowed was the usual and customary charge for the services rendered. It is sufficient if it appear that the amount allowed was reasonable and fair, in view of the services rendered.

4. ATTORNEY AND CLIENT, § 52*—*what constitutes prima facie showing of employment of attorney.* Where the record on appeal from a decree awarding damages on the dissolution of a temporary injunction discloses that a certain attorney appeared for defendant, argued the motion to dissolve in his behalf and that the motion was granted, there is a prima facie showing that the attorney was employed by defendant.

5. ATTORNEY AND CLIENT, § 52*—*when presumed attorney properly employed.* Where there is prima facie proof that an attorney was employed by a party, defendant in proceedings for dissolution of temporary injunction, it will be presumed that he was properly employed until the contrary is shown.

6. INJUNCTION, § 321*—*solicitor's fees for procuring dissolution of temporary.* An award of a solicitor's fee of $250 for services in procuring the dissolution of a temporary injunction, *held* reasonable and fair.

7. INJUNCTION, § 296*—*cost of advertising foreclosure sale as damages upon dissolution of.* On awarding damages on the dissolution of a temporary injunction against a foreclosure sale, it is proper to include the cost of advertising the original sale.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.